## NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY v. THEODORE A. BALL.

A passenger, entitled to a ride on a railroad train, and who was smoking, entered the forward compartment of a combination car, which was arranged for persons smoking. The car was the rear car of the train, and the rear compartment of it was arranged for the carriage of baggage. He found every seat in the smoking compartment occupied; and passed into the baggage compartment. There was a rule of the railroad company requiring those in charge not to permit passengers to ride in baggage cars. But of this rule the passenger had no knowledge. He and other passengers had frequently before been permitted to ride therein without objection, and the conductor had accepted and punched their tickets while in that compartment, as he did on the occasion in question. By the company's negligence, a train proceeding in the same direction, on the same track, ran into the rear of the train on which the passenger rode, and he was thereby injured. *Held,* that by taking his position in the baggage compartment under such circumstances, the passenger took the risk of any injury from dangers inherent in the construction or use thereof for the purpose of carrying baggage, but that his conduct, even if it be considered as contributing to an injury received from extraneous causes, such as a collision, could not be deemed to have been negligent, and that a charge to that effect was not erroneous.

---

On rule to show cause.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the rule, *Cortlandt Parker*.

*Contra, F. W. Stevens.*

The opinion of the court was delivered by

MAGIE, J.   Ball, the plaintiff, was the holder of a ticket, issued by defendant, and valid for a continuous passage each way daily between Newark and New York, on the railroad of defendant, for the month of May, 1888.   On May 11th plaintiff, who was smoking, took a train at Newark, entered the smoking compartment of a combination car and, finding all seats therein occupied, passed through it into the baggage compartment, which was at the rear of the same car.   The car was the rear car of the train.

When the train reached the west end of defendant's tunnel, it was stopped by signal and held, waiting the passage through the tunnel of a train on defendant's main line.   While standing at that place, a train of the New York and Greenwood Lake Railroad Company, running by agreement on defendant's track, approached from the west, and ran into the rear of the train whereon plaintiff was.   He had remained standing in the baggage compartment since he had entered it, and was standing therein up to the moment of the collision, when he received serious injuries in attempting to escape therefrom.

A verdict was rendered in favor of plaintiff for $25,000.

A rule to show cause why the verdict should not be set aside having been allowed, defendant's counsel now urges that it should be made absolute on one of three grounds, viz.— *first*, that there was not sufficient evidence to establish defendant's liability for the injuries, but that, by the weight of evidence, such injuries appeared to have been caused either by mere accident or by the negligence of the employes of the New York and Greenwood Lake Railroad Company, without any contributing fault of defendant; *second*, that if defendant was in fault plaintiff cannot recover under the circumstances proved; and, *third*, that the damages awarded were excessive.

With respect to the first point, it appears that the jury were explicitly instructed that defendant's liability depended on their finding preponderating evidence of its having been at fault and negligent in causing or contributing to the collision whereby plaintiff was injured. The instructions were unexceptionable, and the only question therefore is, whether the conclusion of the jury lacks the support of the requisite evidence.

My examination of the evidence has convinced me that not only could an inference of defendant's fault and negligence be legitimately drawn therefrom, but that such an inference was required by proof that amounted almost to demonstration. About two thousand five hundred feet west of the rear of the train in which plaintiff was, the railroad of defendant is carried over the Hackensack river by a drawbridge. It was the duty of the bridgetender, an employe of defendant, to permit no train to pass east, toward the tunnel, until at least three minutes had elapsed since the last preceding train had passed in that direction. The train that carried plaintiff had been permitted to pass, and proceeded, with speed greater than usual (because considerably behind time), to the western entrance to the tunnel, where it was stopped. Upon stopping it was the duty of one of the trainmen to go back immediately with a flag to warn approaching trains. He had just stepped from the train with a flag in his hand when the collision occurred.

It was proved that the colliding train approached and passed the Hackensack bridge without being arrested or held by the bridgetender. It proceeded thence to the point of collision at about its usual speed, being but little behind time. Taking into consideration the distance to be traversed and the speed attained, and assuming that the colliding train did not pass the bridge until three minutes after the plaintiff's train had passed, the inference is irresistible that there was time to flag the approaching train. If so, the trainman whose duty it was to flag that train was negligent.

It may be added that, if the inference be drawn that the colliding train was suffered to pass the bridge before three minutes had elapsed, the bridgetender, defendant's employe, was at fault.

The verdict cannot be disturbed on this ground.

The next contention is, that plaintiff, by his own conduct, has disabled himself from enforcing the liability which would otherwise arise from defendant's negligence.

This is first argued on the ground that plaintiff, by taking and retaining his position in the baggage compartment, designed, not for the carriage of passengers, but of baggage, had quitted the protection of his contract for safe carriage.

The written contract of defendant, evidenced by the ticket, was for a continuous passage. But it is now settled that a railroad carrier, by its acceptance of a passenger as passenger, comes under an obligation to take due and reasonable care for his safe carriage, which obligation arises by implication of law, and independent of contract, so that it may exist although the contract of carriage is illegal, or there is no express contract of carriage. *Delaware, Lackawanna and Western R. R. Co.* v. *Trautwein,* 23 *Vroom* 169.

It is unnecessary to determine, in this case, whether, and to what extent, the obligation to carry an accepted passenger with due care will be waived or discharged by the misconduct of the passenger in violating reasonable rules made by the carrier, for, while it appears that defendant had made a rule requiring its employes not to permit a passenger to ride in baggage cars, it also appears, not only that plaintiff was not informed of the rule, but that the employes of defendant who managed this train had frequently before permitted plaintiff and other such passengers to thus ride, and on the trip in question the conductor of the train had accepted and punched plaintiff's ticket while he was in the baggage compartment. Had the employes then informed plaintiff of the rule, and requested him to retire to the place provided for passengers, it would doubtless have been his duty to yield to the request when he could do so with reasonable safety. But in the ab-

sence of such information and request, the plaintiff, ignorant of any prohibitory rule, might well infer from the acquiescence and assent of the employes, implied both from previous custom and from the exaction of his ticket under such circumstances, that he was not violating any rule of defendant. He was not, therefore, a trespasser, and had not, by his act, put himself, as is claimed, beyond the pale of protection under defendant's obligation to carry him with due care. In this respect, the view taken and applied by the trial judge in the trial of the case is not open to objection.

But it is further argued, that plaintiff, by taking a place on the train not provided for passengers, but for baggage, contributed by his own negligence to the injury which he received.

In the charge to the jury, the trial judge stated the law on this subject thus: "If a passenger, taking his place in a baggage car, even with the consent of those in charge, is injured by reason of anything likely to happen by reason of the construction or of the use of the baggage car for its appropriate purpose, he must abide the consequences.". But he limited the effect of such negligence in discharging the carrier from liability to the injuries mentioned, viz., those received from causes springing from the peculiar arrangement and use of such car as a baggage car, for he added that the rule above stated did not apply to the case in hand, because the plaintiff, under the circumstances disclosed by the evidence, could not be deemed to have negligently contributed to an injury received from extraneous causes.

These instructions took from the jury the consideration of plaintiff's negligence as contributing to his injury, and the verdict rendered thereon can only be supported if, upon such construction of the evidence as is most favorable to defendant's contention, it. was so established thereby that plaintiff's act in riding in the baggage compartment was not negligent or did not contribute to his injury, as to justify an instruction to that effect.

In my judgment, it might have been left to the jury to say, from the evidence, whether or not plaintiff was impliedly invited to ride in that place. By defendant's acts he was invited to ride on the train, and, as he was smoking, in the compartment provided for that purpose. When that compartment had previously been filled with sitting passengers, plaintiff and others had passed into the baggage compartment, and ridden there without objection or remonstrance, and the conductor of the train had there recognized them as passengers entitled to ride on the train. On the morning in question, the seats in the smoking compartment were filled, and vacant seats in other cars could only be reached by passing over the platforms of the moving train. These facts, which were uncontradicted, would, in my judgment, have justified the inference of an implied invitation to ride in the place plaintiff was.

If such an inference were drawn, I think that negligence could no more be imputed to the act of taking and retaining that place than it could be to the act of taking a seat in a passenger car, so far as concerned danger from causes extraneous to the car. If any invitation called him to a place of obvious danger from such or other causes, apparent to his senses, and to take which could only be done by a failure to exercise care for his safety, negligence might be imputed to him notwithstanding an invitation. If the place to which he was invited may or may not be prudently taken, a question for the jury would arise. *City Railway Co.* v. *Lee*, 21 *Vroom* 435. Where a passenger, under similar circumstances, rode on the platform, and was there injured in a wreck of the train, it was held that a question for the jury arose, and a finding that the act was not negligent was supported. *Willis* v. *Long Island R. R. Co.*, 34 *N. Y.* 670. As will be seen, I do not think that danger from extraneous causes was at all apparent or obvious to one invited to the baggage compartment.

But the case in hand was put to the jury, not as a question of implied invitation, but upon the assumption that plaintiff occupied the baggage compartment merely with the consent and permission of those in charge of the train. This conclu-

sion was necessary from the evidence, and the trial judge had a right to base instructions to the jury thereon.

The instruction thereon was, that, while plaintiff's act in riding in that compartment would have negligently contributed to any injury received from causes inherent in the construction and use of it as a place for receiving and carrying baggage, there was no contributory negligence to be imputed to that act in respect to injuries received from causes *ab extra.* Plaintiff's injury was admittedly thus received.

Whether plaintiff, by taking a position in the rear compartment of a rear car, against which the first impact of a collision from behind must fall, contributed to his injury, might well be questioned under the evidence. He was hurt in endeavoring to escape from the car upon observing the imminence of the collision. There is reason to infer that had he remained he might have escaped serious injury, and strong grounds for concluding that had he been in the smoking compartment he might have been more seriously injured. The result of this collision would seem to indicate that place in which plaintiff was was not peculiarly a place of danger, for the force of the blow from the colliding train was transmitted to and did its more destructive work at other parts of the train.

Again, whether plaintiff's position, if wrongful, was a contributing cause, or merely the occasion or opportunity of the injury done by defendant's wrong, may also be questioned. *Bish. Non-Cont. L.,* §§ 63, 64, 463.

But let us assume that the jury, had the question been submitted to them, might have found that plaintiff's act did contribute to his own injury as a cause thereof.

To exonerate defendant from liability for its negligence, which also caused plaintiff's injury, it is not sufficient that plaintiff, by his act, contributed thereto, but it must further appear that in doing that act he was at fault, and guilty of what the law calls negligence.

Negligence is the absence of that care for safety which the law exacts from him who seeks redress for an injury done him by the negligence of another. In this respect, the law exacts

such judgment respecting dangers and risks incident to the circumstances as a reasonable man would form, and such vigilance in observing the approach of danger, and such care in avoiding it, as a prudent man, reasonably careful of his safety, would exercise.

If, from the evidence, the jury might have drawn the conclusion that plaintiff was thus negligent, the trial was misconducted, for the question should have been left to the jury; but if there was nothing in the evidence to warrant such a conclusion, the instruction complained of was correct.

The circumstances under which plaintiff acted have been detailed. The question is, whether, in acting under those circumstances, he can be deemed to have failed to exercise that judgment, vigilance and care which the law required of him.

Had plaintiff's injuries been received from the fall of trunks negligently placed, from being struck by trunks negligently thrown in loading or unloading, or from other causes incident to the use of that compartment as a place for the carriage of baggage, it is obvious that his act in taking a place exposed to such risks would not meet the requirements of the law, for any reasonable man would conclude that such dangers were incident to that position, and prudence would require him to foresee and avoid them. Neglect in that respect would deprive him of any right to enforce liability on defendant for its negligence producing injury from such causes.

But as to dangers from causes *ab extra*, I entertain no doubt that the law does not require any consideration of them under such circumstances. In respect to them, the risk was not dependent on plaintiff's position in the baggage compartment; the like risk would have existed in any car in a similar position in the train. As to such dangers, the circumstances called for and required no judgment, and a prudent man might well act without the least reference to them. As to injuries received from such dangers, his conduct could not be deemed to be negligent, and a verdict finding negligence therein could not be sustained.

For these reasons, I find the instructions of the trial judge appropriate and correct, and the verdict cannot be disturbed on this ground.

Upon the last ground submitted, I have, however, come to the conclusion that the verdict for $25,000 cannot be sustained. It is plain that considerably over $15,000 of this sum has been awarded upon anticipated future loss and injury to plaintiff. When the evidence relied on to sustain his view of the probabilities of his future is carefully examined, it fails to furnish any justification for such an award. Its excess is so great as to indicate that the conclusion of the jury was not based on the evidence. But the case has been thoroughly tried, and we are not disposed to force plaintiff to a retrial unless he desires it.

If he will remit all damages in excess of $15,000, the verdict may stand; if not, the rule to show cause will be made absolute.