JOSEPH B. FLYNN v. THE CONSOLIDATED TRACTION COMPANY.

Submitted November 14, 1899—Decided February 26, 1900.

There was evidence from which the jury might infer that plaintiff, a passenger on a trolley car, had notified the conductor of his desire to alight; that the car had slowed down; that the passenger had got upon the run-board in preparation to alight; that the car then increased its speed, and that the passenger, in endeavoring to again signal the con-

ductor, leaned over so far that his head was brought in contact with the handles of the door of a milk wagon proceeding in the same direction with the car, and that he thus received the injuries for which he brought suit. (1) *Quære.* Whether, in respect to dangers *ab extra* not created by the carrier nor the result of the construction or operation of its road, it is *per se* negligence in the passenger to take a position on the run-board of a car. (2) *Held,* that on taking such a position the passenger was under a duty to use his powers of observation and observe and avoid dangers *ab extra,* and that the evidence that he leaned over so far as to be carried against a passing vehicle which he did not observe, and which, if he had used observation, he could have observed and avoided, established his negligence contributing to his injury.

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the rule, *Vredenburgh & Garretson.*

*Contra, Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. From the state of the case it appears that the evidence most favorable for plaintiff disclosed the following facts, viz., that he was a passenger on a trolley car of the defendant company; that he notified the conductor of his desire to alight when some distance from the corner at which he wished to leave the car; that thereafter the speed of the car was diminished more and more until near the corner when plaintiff stepped down upon the run-board of the car in preparation to alight; that the car then suddenly increased its speed; that plaintiff turned toward the rear of the car and shouted and waved a basket, which he held in his hand, to the conductor in token of his continued desire to alight; that the conductor rang the bell to stop the car, and that as plaintiff turned back to face the front of the car his head was brought in contact with the iron handle of the door of a milk wagon which was moving and in the same direction

in which the car was going, and that he thus received the injury for which he brought his suit.

It will be assumed that upon this evidence the jury might find that there was negligence on the part of the company's servants, either the conductor for failing to give the signal to stop when requested, or the motorman for increasing the speed of the car after slowing down to such a speed as might induce a passenger to prepare to alight. There is much evidence that plaintiff did not notify the conductor until the car slowed down and he had got upon the run-board, and that the car diminished its speed because the milk wagon was close to its track, and that it increased its speed because the milk wagon had just turned aside and given an opportunity to pass. If plaintiff got upon the run-board before giving any signal to the conductor, and gave no signal until after the car increased its speed, it would be difficult to find any negligence in the company's servants. But the weight of this evidence need not be considered, for a verdict which attributes to plaintiff upon the facts enumerated by him no contributory negligence cannot, in my judgment, be sustained.

The case was tried upon the theory that it was not negligence *per se* for a passenger to go upon the run-board.

When a passenger was invited to take passage in a street car so full of passengers that he was obliged to stand on a run-board, it was held, in the Court of Errors, that he did not, by taking that position, negligently contribute to an injury arising from a danger created by the carrier by reason of its construction and operation of its road and which was unknown to the passenger. *City Railway Co.* v. *Lee*, 21 *Vroom* 435.

In a later case in the same court, a passenger who occupied a run-board of a trolley car under similar circumstances, and was jostled therefrom by reason of a stumble of the conductor which might have been due to the conductor's negligence, was held entitled to go to the jury on the question of the negligence of the conductor. *Whalen* v. *Consolidated Traction Co.*, 32 *Vroom* 606.

In delivering the opinion of the court in that case, Mr. Justice Dixon, however, declared that a passenger who took such a position assumed the risks of such dangers as are obviously incident to it. This suggests that the true rule is that a passenger under such circumstances is not to be considered as negligent with respect to dangers arising from the construction of the car or its operation by the carrier and its servants, but that the passenger may be considered negligent with respect to dangers which may be said to arise *ab extra.* A similar view of a passenger's relation was expressed in *New York, Lake Erie and Western Railroad Co.* v. *Ball,* 24 *Vroom* 283. Upon this view a passenger might perhaps be charged with negligence in respect to the obvious danger of coming in contact with other vehicles lawfully using the street, but no opinion is intended to be expressed upon this point which was not fully argued.

The verdict, however, cannot, in my judgment, be sustained. Assuming that plaintiff, in occupying the run-board, did not act negligently, yet he was under a duty while there to take reasonable care for his safety. Such care would include the use of his senses to observe and avoid passing vehicles. Due care was obviously negatived by his admission that he leaned over from his position on the run-board, in his eagerness to signal the conductor, so far that his head must have extended beyond the wheels of the milk wagon, because it came in contact with the handles of the door on the top or cover of the wagon which only projected a few inches beyond the door. Either he failed to make any observation which would have disclosed the moving wagon and its proximity to the car and enabled him to avoid it, or he observed it and took an obvious risk in leaning over to signal the conductor.

In either view his conduct was negligent, and a verdict to the contrary is indefensible.

Let the rule be made absolute.