JOSEPH B. FLYNN, PLAINTIFF IN ERROR, v. THE CON-
SOLIDATED TRACTION COMPANY, DEFENDANT IN
ERROR.

Argued March 18, 1902—Decided June 16, 1902.

A passenger on a trolley car notified the conductor to let him off at a
certain street corner. The conductor neglected to stop at the desig-
nated place. The passenger thereupon stepped out on the running-
board, and leaned outward, looking backward, in order to be able
to see the conductor and attract his attention. While doing this
he was struck and injured by a wagon which he had not observed,
but which was proceeding along the street, in the same direction
as the car and which was overtaken by it. *Held*, that the pas-
senger, by leaning out so far from the body of the car as to be
carried against a passing wagon, whose presence he had not ob-
served, but which he could have seen and avoided had he looked,
was guilty of negligence. *Held, further*, that an injury received
under such conditions was not the *natural* result of the negligent
act of the conductor in failing to stop his car at the place desig-
nated by the passenger.

On error to the Supreme Court.

For the plaintiff in error, *Thomas F. Noonan.*

For the defendant in error, *James B. Vredenburgh.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a suit to recover dam-
ages for personal injuries. The plaintiff was traveling as a
passenger upon an open car of the defendant. The evidence
submitted on his behalf disclosed the following state of facts:
Upon approaching his destination he stood up in the car and
shook his lunch basket to notify the conductor to let him off.
The conductor pulled the bell-rope and the car then began
to slow down. The plaintiff then got upon the running-
board on the right-hand side of the car. In the meantime
the car was running more and more slowly, but before it came
to a stop the conductor gave the signal to go ahead, and the
car immediately began to increase its speed, whereupon the

plaintiff turned around and faced the rear of the car, leaning outwards so that he could see the conductor, and then shook his basket at him again and called, "Hey! hey! I want to get off here." Just as he was turning back so as to look toward the front of the car it overtook a milk wagon, which was proceeding in the same direction, and was quite near to the track, and his head came in contact with one of the handles upon the wagon door, receiving the injury for which he now sues. The plaintiff had not observed the wagon before he was struck, and was not conscious that it was near.

Upon these facts being shown the trial court directed a nonsuit to be entered, and the writ of error is brought to test the correctness of this instruction.

The judgment under review was directed upon the second trial of the case. At the first trial a verdict was returned for the plaintiff upon practically the same facts submitted by the plaintiff as have been herein recited. A rule to show cause was subsequently allowed, and, after hearing, was made absolute, upon the ground that the plaintiff, on taking his position on the running-board, was under a duty to use his powers of observation, and notice and avoid dangers *ab extra;* and that his leaning over so far as to be carried against a passing vehicle which he did not observe, and which, if he had used observation, he must have seen and could have avoided, established his negligence contributing to his injury. *Flynn* v. *Consolidated Traction Co.,* 35 *Vroom* 375.

We agree in this view expressed by the Supreme Court, and think the direction of a nonsuit was warranted upon the ground of the contributory negligence of the plaintiff. But even if we had reached an opposite conclusion, we would still feel compelled to affirm this judgment. The defendant is only responsible for the *natural,* as well as the proximate, effects of the wrongdoing of its employes; and by "natural" is meant such as might reasonably have been foreseen, such as occur in the ordinary state of things. *Wiley* v. *West Jersey Railroad Co.,* 15 *Vroom* 247.

· An accident, such as that which happened to the plaintiff, will not ordinarily result from the starting up of a car while

a passenger is standing upon the running-board, waiting for an opportunity to alight. In the present case it cannot be said that the conductor should have foreseen that his careless act would be harmful to the plaintiff, even if he should have anticipated that it would be likely to cause the latter to lean out from the car and look backward, unless it be assumed that his duty required him to observe the proximity of the milk wagon. But, from the standpoint from which the case is now being considered, this assumption is not tenable; for, if the plaintiff was under no duty to observe the nearness of the wagon, then the conductor was equally free from any duty in that regard. The case then stands thus: If the failure of the plaintiff to observe the danger which he would incur, by leaning out from the car and at the same time looking back, was negligence, he cannot recover; if it was not negligence, then neither was the failure of the conductor to observe this danger to the plaintiff negligence on his part, and, if it was not, then the accident was not the *natural* result of the careless act of the conductor in signaling the car to go ahead, without first giving the plaintiff a chance to alight.

The judgment of nonsuit should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, FORT, HENDRICKSON, PITNEY, BOGERT, ADAMS, VROOM. 10.

*For reversal*—DIXON, VREDENBURGH. 2.