IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1908.

---

### LEO B. BRACKNEY v. PUBLIC SERVICE CORPORATION.

Submitted July 3, 1908—Decided November 9, 1908.

1. Whether or not a motorman is negligent in permitting his car, while on a down grade, to approach so close to a wagon which is traveling upon the track in front, that he will be unable to prevent a collision in case the wheels of the wagon skid when its driver attempts to leave the track (nothing else appearing), is a question to be decided by the jury, and not by the court.
2. The act of a passenger in riding upon the front platform of a trolley car is not *per se* negligent.
3. A passenger who rides upon the front platform of a trolley car assumes only those risks which are incident to the ordinary operation of the car. He does not assume the risk of dangers arising from causes *ab extra*.
4. It is the duty of a company engaged in the business of carrying passengers to use a high degree of care to protect them from danger while upon its cars.

---

On writ of error to Camden Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the plaintiff in error, *Edward Ambler Armstrong.*

For the defendant in error, *Matthew Jefferson* and *John W. Wescott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff in this case was a passenger upon one of the defendant company's cars.    He was riding on the front platform, and was injured while there in a collision which occurred between the car and a wagon ahead of it which was partly upon the track.    This action was brought to recover damages for those injuries, and resulted in a verdict and judgment for the plaintiff.    When the plaintiff rested there was a motion to nonsuit, and at the close of the case a request was made for the direction of a verdict in favor of the defendant.    The refusal of each of these applications is assigned for error.

The proofs showed that the accident occurred upon a down grade; that at the top of the grade the motorman shut off his power and allowed the car to drift; that as he approached the wagon which was on the track in front of him he rang his bell; that the driver turned away from the tracks, but for some reason the rear wheels of the wagon skidded and did not leave the rails; that when the motorman discovered this condition of affairs he put on his brake, but did not reverse his power, as he was too close to the wagon to stop his car in that way; that the brake failed to bring the car to a stop in time, and a collision followed.    The motions to nonsuit and direct a verdict were rested principally upon the ground that on these facts no negligence could be imputed to the defendant.    We cannot concur in this view.    It was clearly a question for the jury whether a motorman, who approaches a wagon traveling on the tracks in front of him so close that he will be unable to prevent a collision in case the wheels of the wagon skid when the driver attempts to leave the tracks, operates his car

in a careless manner. The trial judge rightly refused to take this question from the jury, and his action in doing so affords no ground for reversal.

It is further contended that the plaintiff's act in riding on the front platform of the car was such negligence as will bar him from recovery, and that a nonsuit should have been ordered, or a verdict directed, for this reason. No authority for this proposition is cited by counsel, and it is opposed to the doctrine of our earlier decisions. *North Hudson County Railway Co.* v. *May,* 19 *Vroom* 401; *City Railway Co.* v. *Lee,* 21 *Id.* 435; *Whalen* v. *Consolidated Traction Co.,* 32 *Id.* 606. Viewed in the most favorable light for the defendant, the question whether such conduct on the part of the plaintiff constituted negligence was for the jury.

It is further contended that these motions should have prevailed for the reason that the plaintiff, by taking up his position on the front platform, assumed all risk of injury from collision with another vehicle. This contention is, in our judgment, unsound. A person, under such circumstances, assumes such risks as are incident to the ordinary operation of the car, but not risk of dangers arising from causes *ab extra.* *New York, Lake Erie and Western Railroad Co.* v. *Ball,* 24 *Vroom* 283.

Error is also assigned upon the instruction of the court to the jury that "As to passengers, it is the duty of the trolley company to use a high degree of care to protect them from danger while upon their cars." We are told by counsel that this instruction is, of course, erroneous. It is, nevertheless, justified by the decision of the Court of Errors and Appeals in *Whalen* v. *Consolidated Traction Co., supra,* and by the numerous cases therein cited.

The judgment under review will be affirmed.