JULIA ALEXANDER, PLAINTIFF, v. JOSEPH MATTEUCCI AND PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION, DEFENDANTS.

Submitted October 16, 1926—Decided January 28, 1927.

Negligence—Injury to a Passenger of a Bus Caused by Contact With a Trolley Car, While Alighting From the Bus—Verdict For $35,000 Against Both Bus Owner and Trolley Company —Held, That Evidence Tends to Show That There was Gross Negligence on Part of Both Carriers and No Contributory Negligence—Verdict Will Not be Disturbed.

On defendants' rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the plaintiff, *David T. Wilentz* (*Elias A. Kanter*, of
counsel).

For the defendant Joseph Matteucci, *Edward A. Markley*
and *Charles Stockdell Gray*.

For the defendant Public Service Railway Company, *Jo-
seph Holt* and *Henry H. Fryling*.

PER CURIAM.

This action was to recover damages for injuries sustained
by Julia Alexander, the plaintiff, as a result of the alleged
negligence of the two defendants. The jury found for the
plaintiff against both defendants for $35,000. Both defend-
ants obtained rules to show cause why the verdict should not
be aside.

Defendant Matteucci was the owner of a jitney bus oper-
ated between Perth Amboy and Metuchen. Plaintiff was a
passenger on the bus and was about to alight at a corner,
at a point where the defendant Public Service Railway Com-
pany operated in the highway a trolley line with a single
track, the roadbed of which was not paved or improved.
Plaintiff had signaled the driver of the bus to stop at the
corner. When the jitney bus came to a stop the trolley car,
according to the testimony produced on the part of the plain-
tiff, was about five hundred feet away coming at a speed of
thirty miles an hour and giving no warning, and this fact
was observed by the jitney bus driver. The testimony fur-
ther tended to show that the bus came to a stop so that the
body of the bus was within two feet of the near rail of the
trolley line and the driver of the bus opened the door and
permitted the plaintiff to get out without saying anything
to her, although the evidence was that the bus driver saw
the rapid approach of the trolley car. The testimony further
tended to show that the plaintiff was not aware of the approach

of the trolley car. It further tended to show that the motor-man of the trolley car, though having an unobstructed view, did not decrease the speed of his car until he was about to strike the plaintiff. The evidence also tended to show that, upon being thus let out of the bus practically upon the trolley rail, the plaintiff proceeded to walk across the track and when near the far rail she was struck by the trolley, the driver of the bus not having attempted to warn her until just as she was about to be struck.

Defendant Public Service Railway Company does not contend (and could not successfully) that there was an absence of negligence on its part, nor that the plaintiff was guilty of contributory negligence; but defendant Matteucci says not only that there was no negligence upon his part which was the proximate cause of plaintiff's injury, but that the plaintiff was guilty of contributory negligence as a matter of law, and therefore contends that the denial of a nonsuit and directing of a verdict in his favor was improper. We think there is no merit in such a contention, nor can we say that the verdict was against the weight of the evidence.

A careful examination of the case satisfies us that there was no error prejudicial to the defendant either in the examination of the witnesses, or in the charge of the court, or in the refusal to charge requests.

The counsel for both defendants refer to the verdict as excessive. Of course, the verdict is large, very large; but without stating in detail the evidence, it is sufficient to say that the woman was horribly and permanently injured; and we are unable to say that its size is an indication of any passion, prejudice or mistake on the part of the jury.

Both rules to show cause will be discharged.