JOHN OLENICK, PLAINTIFF-RESPONDENT, v. STANDARD OIL COMPANY OF NEW JERSEY, A CORPORATION, AND RICHARD C. MONTGOMERY, DEFENDANTS-APPELLANTS.

Submitted May 16, 1930—Decided September 18, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the appellants, *M. Casewell Heine.*

For the respondent, *Edward A. Markley.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff for $5,000 entered on the verdict of a jury in a case of collision between two automobiles. The only grounds of appeal urged are that the court erred in refusing to nonsuit and that

it likewise erred in refusing to direct a verdict for the defendant. Both these motions were predicated upon the sole ground that as a court question, the plaintiff was guilty of contributory negligence. The accident happened about ten P. M. on a clear night at the intersection of East Twenty-second street, which runs east and west, and a street called Prospect street, running north and south, in the city of Bayonne. The defendant Montgomery, whose agency for the oil company is not questioned, was driving a Buick car belonging to that company westward on Twenty-second street, and, according to much of the testimony, at a high rate of speed. The plaintiff was driving his own car southerly on Prospect street and, consequently, was coming in from Montgomery's right and, according to the statute, under normal conditions, had the right of way. Neither party seems to have stopped or slowed down, and Montgomery, when it became apparent to him that a collision was inevitable, undertook to turn his car to the left southerly into Prospect street and the two cars came together very near the sewer basin at the southwest corner.

It is not suggested that Montgomery was free from negligence and, as we have said, the only point raised is, that the court should have held plaintiff guilty of contributory negligence and taken the case from the jury. The accident is one of a class that are of frequent occurrence and in which a jury question is almost always presented. We do not see that the present case is any exception to this rule. The jury was entitled to find on the evidence that the plaintiff had the right of way and was not shown to be guilty of negligence in asserting it. The real question under such circumstances would probably be whether he became aware that Montgomery was not going to respect any right that he had to cross. That he had such knowledge is by no means clear, to say the least; and in view of the whole situation, we are of opinion that a jury question was presented on this matter of contributory negligence, and consequently there was no error that should warrant a reversal.

The judgment will accordingly be affirmed.