GERALDINE TRIMBOLI, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF SAMUEL TRIMBOLI,
DECEASED, PLAINTIFF-APPELLANT, v. PUBLIC SERV-
ICE CO-ORDINATED TRANSPORT, A NEW JERSEY COR-
PORATION, AND FREDERICK J. GOECKEL, DEFEND-
ANTS-RESPONDENTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *William Herda Smith*.

For the respondent Public Service Co-ordinated Transport,
*Henry H. Fryling*.

For the respondent Frederick J. Goeckel, *Lum, Tamblyn
& Colyer*.

The opinion of the court was delivered by

WELLS, J. This appeal is from judgments of nonsuit entered in the Supreme Court after a trial at the Essex Circuit.

The action was brought by the plaintiff, as administratrix *ad prosequendum* of the estate of her deceased husband, who was killed in a collision with a truck owned by the defendant Frederick J. Goeckel, while alighting from a trolley car owned by the defendant Public Service Co-ordinated Transport.

At the conclusion of the plaintiff's case there was a motion to nonsuit in behalf of the Public Service Co-ordinated Transport on the ground that there had been no negligence shown on the part of that defendant and on the further ground that there had been contributory negligence shown on the part of the decedent, and also on the further ground that the decedent assumed the risk in alighting from a moving trolley car.

There was likewise a motion made on behalf of the defendant Goeckel, on the same grounds.

Both motions were granted by the trial court and the propriety of these rulings is the only question raised on this appeal.

The evidence submitted on behalf of the plaintiff disclosed the following state of facts.

The deceased, Samuel Trimboli, on the morning of August 25th, 1930, was a passenger on the Public Service Co-ordinated Transport trolley car, which was proceeding in a southerly direction on Elizabeth avenue, Newark, and when it approached Hunter street, which empties into Elizabeth avenue from the east, but does not cross it, the motorman gradually decreased the speed of the car for the purpose of making a stop opposite Hunter street. Prior to the making of the stop and while the trolley car was traveling at about three or four miles per hour, the door being open, the step down, the deceased stepped off the trolley car while it was thus moving slowly, and the trolley car proceeded three or four paces before it came to a stop. Upon alighting from the trolley car, the deceased stepped on the pavement and took two, three or four steps toward the sidewalk, when he

was struck by or collided with the left front fender of the Goeckel truck, which was also proceeding in a southerly direction on Elizabeth avenue, parallel with the trolley car, at a speed of twenty to twenty-two miles per hour. The truck was from two to six feet from the side of the trolley car and only a few feet behind the front trolley car step when decedent alighted. The truck went a distance of sixty to seventy feet south on Elizabeth avenue before it came to a stop.

There was testimony to show that the brakes of the truck were not in good condition and that the truck driver gave no warning of its approach and that it did not slacken its speed as it overtook and passed the trolley car.

The appellant bases her contention that the granting of a nonsuit to the Public Service Co-ordinated Transport was error on the fact that the defendant corporation owed a high degree of care for the safety and protection of its passengers when boarding and alighting from its trolley cars and that in disregard of that duty, the motorman prematurely opened the exit door, thereby inviting the decedent to alight before bringing the car to a complete stop and thereby placing him in a position of danger, and that he further neglected a duty imposed upon him to make proper observations for vehicles on the highway when discharging passengers and that he failed to observe the truck in question and to warn the decedent of its approach, and that the defendant corporation was, therefore, liable and contributed to the accident.

The case of *Alexander* v. *Matteucci et al.,* 5 *N. J. Mis. R.* 183; 135 *Atl. Rep.* 820 (not officially reported), is cited and relied upon by appellant.

The Supreme Court in that case held that Matteucci, the owner of a jitney bus, who stopped within two feet of the track of a street railway and allowed a passenger to alight without warning him of the approach of a trolley car which struck her before she crossed the track, was guilty of negligence and that the passenger under the facts testified to in that case was not guilty of contributory negligence in alighting on the track where she did not know of the approach of the street car which struck her before she crossed the track.

The Matteucci case is not in point because Matteucci saw the trolley car approaching from an opposite direction for a distance of five hundred feet before the accident, and though it was coming at a speed of thirty miles per hour, sounding no alarm, Matteucci stopped the bus so that its body was within two feet of the near rail of the trolley line and opened the door allowing plaintiff to alight practically upon the trolley track, without giving her any warning of the proximity of the track or of the approach of the trolley car, of which plaintiff was ignorant.

In the instant case there is no testimony of any kind showing the motorman's knowledge, speech or actions.

By the great weight of authority there can be no recovery against the common carrier for his failure to warn an alighting passenger of the dangers arising from passing automobiles, and especially, as here, where the conditions which constitute the danger are as observable by him and apparently as obvious to him as to the employe of the carrier.

If the decedent was under no duty to observe the nearness of the truck, then the party in charge of the trolley car was equally free from any duty in that regard. *Flynn* v. *Consolidated Traction Co.,* 67 *N. J. L.* 546; 52 *Atl. Rep.* 369...

The appellant, however, insists that the opening of the trolley car door before the car came to a complete stop was an invitation to alight, and was negligence *per se.*

No cases are cited in support of this contention. The settled law of this state is to the contrary. *Paginini* v. *North Jersey Street Railway Co.,* 69 *N. J. L.* 60; *Nirk* v. *Jersey City, &c., Street Railway Co.,* 75 *Id.* 642; 68 *Atl. Rep.* 158; *Zelman* v. *Pennsylvania Railroad Co.,* 93 *N. J. L.* 57; 107 *Atl. Rep.* 442; *affirmed,* 94 *N. J. L.* 283; 109 *Atl. Rep.* 348.

Assuming, however, without deciding, that there was some evidence of negligence shown on the part of the defendant corporation, we do not think there could be a recovery because the plaintiff's case clearly indicated contributory negligence on the part of the decedent.

While it is not necessarily a negligent act to get off a slowly moving street car (*Schmidt* v. *North Jersey Street Rail-*

*way Co.*, 66 *N. J. L.* 424), yet in the instant case we think it was.

The decedent alighted from the trolley car and reached the street in safety. He had taken a few steps upon the street, toward the sidewalk, when he was struck. The evidence shows that he neither looked to the right nor to the left as he stepped from the car, nor as he proceeded out upon the street. The truck was but a short distance away from him at the time. The slightest care on his part would have discovered the approaching truck.

We are of the opinion, therefore, that the trial court properly granted a nonsuit to the Public Service Co-ordinated Transport.

Appellant also appeals from the granting of a nonsuit to the owner of the truck, Goeckel, claiming that a jury question arose both as to Goeckel's negligence and appellant's contributory negligence.

The appellant bases the act of negligence upon the operator of the truck, in that when the trolley car was coming to a stop he had notice that a passenger was going to alight and should have had proper control of the truck, and should have diminished its speed, and should have brought the truck to a stop within a safe distance behind the exit door of the trolley car in order to safeguard passengers alighting from the trolley car—none of which he did; and further, that no warning was given by the operator of the truck to decedent; that the speed of twenty to twenty-two miles per hour, under the circumstances, was excessive and that the brakes were defective.

The mere fact that the trolley car had not come to a complete stop, would not of necessity give the driver of said truck any right to disregard his duties of observation, or warning of his approach.

It may well be that the facts as to the negligence of the defendant Goeckel raised a question for the jury to decide. If, however, it appeared by plaintiff's evidence when she rested her case, as we think it did, that the decedent's own negligence contributed to the injury in such a manner that if he

had not been negligent, he would have received no injury from the negligence of the defendant, it was the duty of the court to nonsuit. *New Jersey Express Co.* v. *Nichols*, 33 *N. J. L.* 434; *Branigan* v. *Demarest*, 109 *Id.* 123.

It is clear that had decedent looked either before he left the trolley car or before he started to walk to the sidewalk, he could have seen the approaching truck.

The decedent was under obligation to look. He could not blindly walk across the highway without making an effective attempt to observe the traffic conditions thereon and to act on that observation according to his best judgment.

The plaintiff's witnesses proved he made no observation at all, at a time when an observation would have acquainted him with the dangerous situation into which he was precipitating himself.

The fact that decedent was alighting at or near a crosswalk and thereby had a superior right under the Traffic act, did not relieve him of his duty to exercise reasonable care for his safety. *Bora* v. *Yellow Cab Co.*, 103 *N. J. L.* 377; *Venghis* v. *Nathanson*, 101 *Id.* 110.

This court recently held in *Branigan* v. *Demarest, supra,* that it was the duty of a person walking on the highway to make some observations that would be reasonably effective for her own safety, and that her failure so to do, constituted contributory negligence as a matter of law, precluding a recovery, though the defendant negligently operated the automobile with which she collided.

The evidence of contributory negligence on the part of the decedent, as regards the defendant Goeckel, is clear and convincing.

We find no error in the action of the trial court in granting the motion for a nonsuit to the defendant Goeckel.

We are of the opinion, therefore, that both judgments entered in the court below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.