HARRY B. SMITH, PLAINTIFF-APPELLEE, v. WEST SIDE HARDWARE COMPANY, DEFENDANT-APPELLANT.

Submitted January 31, 1936—Decided June 5, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Edward Madden.*

For the appellee, *Herbert Rapfogel* (*Irving Solomon,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This cause comes to us on defendant's appeal from a judgment entered by the trial judge, sitting without a jury, in the sum of $500 in favor of the plaintiff.

On December 1st, 1934, the plaintiff was the owner and operator of a Franklin automobile which he had purchased new in 1930. About seven-twenty P. M. of that day he was proceeding in a southerly direction on a highway known as the Hudson County Boulevard, in Jersey City, and upon reaching the intersection of Montgomery street and the highway came to a complete stop because the signal lights, governing traffic in a northerly and southerly direction, were then red. On the opposite side of the street, facing the automobile of the plaintiff and headed in a northerly direction, were two other automobiles at a complete stop. The plaintiff so placed his automobile as to indicate to the drivers of the automobiles on the opposite side of the street that he intended to make a left turn and proceed on Montgomery street. When the lights changed, turning to green, thus indicating traffic to move north and south, the two waiting automobiles that were proceeding in a northerly direction acknowledged plaintiff's

intention to turn left, and permitted him to make such turn before they proceeded. The plaintiff turned his automobile and by the time he had the machine straightened out to proceed on Montgomery street, was struck by an automobile truck of the defendant that was proceeding in a northerly direction along Hudson County Boulevard, and which passed the two aforesaid standing automobiles, on the right side thereof, nearest the gutter.

There was no service upon the operator of defendant's truck, who was also made a party defendant.

At the conclusion of the case defendant's attorney moved for a directed verdict on the grounds that the plaintiff had failed to show any negligence on the part of the defendant, and that plaintiff was guilty of contributory negligence. This motion was denied. For the same reasons urged below it is now argued by the appellant that it was error to deny the motion.

We think that the grounds argued are clearly without merit and that the motion was properly denied.

It will be observed that save as to a showing, by a transcript of the testimony in a similar case between the same parties, on June 18th, 1935, that plaintiff did not see defendant until "he hit me, just as he was coming," whereas at the instant trial he testified that he saw him first about two lengths away from his car (approximated to be about twenty-four feet), as he made the aforesaid turn, defendant offered no other proofs as to the happening of the accident. It concentrated its proof to the damages to the automobile.

Whether the defendant exercised the degree of care that the circumstances, here exhibited, demanded by seeking an opportune time to cross the highway, and whether the plaintiff, proceeding as he did, was guilty of contributory negligence, in failing to anticipate defendant's oncoming car and thus causing the collision, were questions of fact for the determination of the judge as the trier of the facts. *Kidder* v. *Hoffman*, 12 *N. J. Mis. R.* 186; 170 *Atl. Rep.* 607.

The result reached is fully supported by the proofs.

Judgment is affirmed, with costs.