CAROLYN E. ELLIS, MILTON ELLIS AND GEORGE BOR-
RACK, EXECUTOR OF THE ESTATE OF MARY GERISH,
DECEASED, PLAINTIFFS-APPELLANTS, v. WILHEL-
MINA DOWD, JOSEPH SIPPORTA AND JERSEY CITY
AND LYNDHURST BUS COMPANY, DEFENDANTS-AP-
PELLEES.

Submitted May 5, 1942—Decided August 27, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellants, *John F. McCann* (*Emil L. Wulster*,
of counsel).

For the appellees Joseph Sipporta and Jersey City and
Lyndhurst Bus Company, *William V. Breslin*.

The opinion of the court was delivered by

PERSKIE, J.  The sole question requiring decision in this
cause is whether the trial court erred, as claimed, in entering
a judgment of nonsuit on the ground that plaintiffs' proofs
failed to present a jury question as to the alleged negligence
of defendants.

This is an action in tort.  It arises out of an automobile
accident which occurred on December 27th, 1938, between
4:00 and 5:00 P. M., at the intersection of Ridge Road and
Second Avenue, in the Township of Lyndhurst, Bergen

County, New Jersey. A bus of the defendant corporation, operated by its servant Joseph Sipporta, traveled in a southerly direction along Ridge Road and stopped for a red traffic light when it reached Second Avenue. At the same time, a Chevrolet sedan was operated by defendant Wilhelmina Dowd. It carried Carolyn E. Ellis, Johanna Rauch and Mary Gerish, as invited passengers, and traveled in a northerly direction along Ridge Road. It, too, stopped for the same red traffic light when it reached Second Avenue. As the traffic light changed from red to green, and the operator of the Chevrolet sedan proceeded from its northerly direction to a westerly direction into Second Avenue (*i. e.,* as she endeavored to make a left-hand turn) a collision occurred between her car and the bus which was proceeding in its southerly direction along Ridge Road.

The results of this accident were that Mary Gerish died, and Carolyn E. Ellis and Johanna Rauch were seriously injured. Carolyn E. Ellis and her husband sued all defendants to recover their respective damages; George Borrack, as executor of Mary Gerish, also sued all defendants to recover the proper damages sustained; Johanna Rauch is not a party to this suit. Wilhelmina Dowd filed no answer to this suit and the record fails to disclose the disposition of the case as to her.

At the end of plaintiffs' proofs, defendants Jersey City and Lyndhurst Bus Company (and its driver Joseph Sipporta) moved for a nonsuit.

The trial judge concluded "* * * There is nothing to show what the driver did or could have done, or what he did that was negligent or what he failed to do that he should have done in the exercise of ordinary care." He granted the motion accordingly. From the judgment based on that motion, plaintiffs appeal.

Our careful consideration of all the evidence in this case leads us to the conclusion that the trial judge fell into reversible error. That conclusion is based upon the settled applicable principles of law. We do not weigh the evidence. We treat as true all the evidence offered in support of plaintiffs' charge or charges of actionable negligence on the part of

defendants. We determine whether fair minded men may honestly differ as to the conclusion to be reached from that evidence whether it be contradicted or uncontradicted. If they may so differ then the case must be submitted to the jury. Otherwise the case may not be submitted to the jury. Our conclusion is further based upon the settled principle that a judgment of nonsuit may be entered, as a verdict may be directed, in favor of one party only when the evidence, together with all legitimate inferences to be drawn therefrom, is such that no view the jury might lawfully take of it favorable to the other party would be sustained. See *Dobrow* v. *Hertz,* 125 *N. J. L.* 347, 348, 349, and cases there cited; 15 *Atl. Rep.* (*2d*) 749.

We do not share the view urged that plaintiffs' proofs, if any, of defendants' actionable negligence merely come within the "scintilla" rule of evidence, which, of course, does not obtain in our state. *Cf. Habedank* v. *Atlantic Casualty Insurance Co.,* 128 *N. J. L.* 338, 340; 25 *Atl. Rep.* (*2d*) 889. Rather do we share the view that the accident in the case at bar is typical of, and no exception to, one of a "class" (collisions at intersections) that are of "frequent occurrence" and in which "a jury question" is "almost always present." *Cf. Olenick* v. *Standard Oil Co.,* 8 *N. J. Mis. R.* 744; 151 *Atl. Rep.* 485 : *affirmed,* 108 *N. J. L.* 201; 156 *Atl. Rep.* 376.

No purpose will be served in detailing the testimony of Johanna Rauch and Carolyn E. Ellis, invitees in the Chevrolet sedan, and the only two eye witnesses to the accident. True their testimony, in some respects, is confusing, perhaps conflicting. But it is equally true that the jury and not the court must weigh the evidence, if there be evidence of actionable negligence. We hold that there is such evidence. These witnesses testified, among other things, that the Chevrolet sedan "had just turned" or was "fully turned" when the bus "started up;" that the operator of the Chevrolet sedan "put out her hand to make the turn to go down Second Avenue * * * when the bus smashed right into us. * * * We had just turned." In addition to this testimony the photographs show that the right side of the Chevrolet sedan was in contact with the bus. It was thus open to the jury to draw

the inference that the bus struck the sedan after it had made the turn at the intersection and was headed in a westerly direction along Second Avenue.

From all of this testimony it was open to jury to find, if it so chose, that the driver of the bus failed first to see if he could proceed in safety, *N. J. S. A.* 39:4-126; that he failed to make reasonably effective observation, *cf. Branigan* v. *Demarest,* 109 *N. J. L.* 123; 160 *Atl. Rep.* 319; *Trimboli* v. *Public Service Co-ordinated Transport,* 111 *N. J. L.* 481; 168 *Atl. Rep.* 572; and that he failed to exercise that degree of care which the circumstances demanded. *Kidder* v. *Hoffman,* 12 *N. J. Mis. R.* 186; 170 *Atl. Rep.* 607; *Smith* v. *West Side Hardware Co.,* 14 *N. J. Mis. R.* 398, 399; 186 *Atl. Rep.* 46. It was therefore error to grant the nonsuit.

. Accordingly the judgment is reversed. A *venire de novo* is awarded; costs to abide the event.