## SUPREME COURT.

### THOMAS BILLINGS agt. JOHN WALLER, JR.

The Code has not changed the rule which requires *certainty and particularity* in stating the offence charged against a plaintiff in a plea of *justification*, in an action of *slander or libel*. The plea or answer must state specifically the offence of which the plaintiff is alleged to have been guilty, giving time, place and circumstances.

*Orange Special Term, September,* 1864.

THE complaint was for a libel. The libellous article was a pretended dream published in a newspaper in Sullivan county, of which the defendant is the proprietor. The libellous matter consisted in a statement in the dream that the plaintiff, who was a miller, had burned his mill to get the insurance money, and had sold wheat flour which was three-fourths stone peckings.

The answer of the defendant, among other things, stated as a justification, that the plaintiff " has practiced or caused to be practiced, dishonesty in taking tolls for grinding grain at his mill, and in retaining the flour therefrom, whereby his customers had been defrauded."

The plaintiff moved that the defendant should be directed by an order of the court to make his defence more definite and certain.

A. C. NIVEN, *for plaintiff.*
S. W. FULLERTON, *for defendant.*

BROWN, J. The defendant in his answer, and in justification of the slanderous and defamatory words charged in the complaint, sets up " that the plaintiff, as a miller in said mill, and at the time specified in the complaint, has practiced or caused to be practiced, dishonesty in taking tolls for grinding grain at his said mill, and in retaining the flour therefrom, whereby his customers have been

wrongfully cheated and defrauded." The plaintiff now moves to make this charge more definite and certain, by stating when and upon whom the plaintiff practiced the dishonesty in taking such tolls and retaining such flour.

The Code has not changed the rule which requires certainty and particularity in stating the offence charged against the plaintiff in a plea of justification in an action of slander. The plea or answer must not deal in general charges, nor in vague and indefinite language. It must state specifically the offence of which the plaintiff is alleged to have been guilty, giving time, place and circumstances. Without such particularity the plaintiff cannot defend himself. He cannot know what the charge really is, nor can he make the slightest preparation to repel a defamatory charge which is not only to defeat his action, but also to fix a stain upon his reputation. If the plaintiff in the present case has been guilty of dishonesty in taking tolls from grain and retaining flour which did not belong to him, thus defrauding and cheating his customers, the defendant in his answer must state and furnish the plaintiff with the names of the persons who have thus been defrauded and cheated, the times when and the kinds and quantities of grain and flour thus dishonestly taken and retained.

The plaintiff's motion is granted, with ten dollars costs of the motion.