### FRANCIS M. FODOR v. ARMIN FUCHS.

Argued June 8, 1908—Decided November 9, 1908.

In an action for libel, where the defamatory matter is general in its nature, a plea of justification must state specific facts showing in what instances and in what exact manner the plaintiff has misconducted himself or has done the things charged against him.

On motion to strike out plea.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Woodbridge & March.*

For the defendant, *George S. Silzer.*

The opinion of the court was delivered by

TRENCHARD, J. This is a motion to strike out a plea of justification in a libel suit.

The libel complained of in the declaration is that the defendant published the statement that the plaintiff, who is a banker in New Brunswick, in this state, was an escaped emigration agent (which the declaration alleges means that he was a fugitive from justice and an exile from his native land, to wit, Hungary) ; that he was a scoundrel and associated with other scoundrels; that he was a wily and spurious banker; that he had raised the rent of houses which he owned, but which were not purchased with his own money, but with the moneys that Hungarians had carried to him for the purpose of saving or accumulating; that if as much as $100,000 should be deposited with him, he, the plaintiff, who had already escaped from Budapest, would again escape (which the declaration alleges means that he would embezzle the moneys of his depositors) ; that he was a rascal; that he speculated on the stock market with the moneys of his depositors, and that he told lies.

The defendant's plea, which we are asked to strike out as lacking certainty, purports to be a justification.

We think it must be stricken out:

Where, as in this case, the defamatory charges are general in their nature, the plea of justification must state specific facts showing in what instances and in what exact manner the plaintiff has misconducted himself or has done the things charged against him. 1 *Chit. Pl.* 494; 25 *Cyc.* 461; 13 *Encycl. Pl. & Pr.* 82; 1 *Stark. Slan.* 475; *Towns. Sl. & L.,* § 355.

The plea must give the particulars, giving time, place and circumstances. *Billings* v. *Waller,* 28 *How. Pr.* 97.

The plea in question fails to set forth any particular facts showing in what instances and in what exact time, place or

manner the plaintiff has misconducted himself so as to justify the libelous matters charged against him. It merely reiterates the libelous imputations complained of in the declaration, in the words of the declaration, and says that they are true, and further avers that "the said plaintiff had been indicted for and convicted of illegal and false banking in the country of Hungary, and of and for conducting a banking business without the authorization or warrant of law therefor, and of dishonestly receiving and appropriating to his own use the moneys of persons entrusted to him as such banker."

Under the rule stated this plea is clearly bad as a justification of the charges that the plaintiff was an escaped emigration agent, a scoundrel, a rascal, a liar, an embezzler, and that he as a banker in New Brunswick was misusing or misappropriating his depositors' money, &c. A plea which merely reiterates such general charges and avers that they are true is insufficient. *Kerr* v. *Force, 3 Cranch C. C.* 8. As we have seen, the particular facts relied upon as justifying the imputation must be set forth specifically. This must be done by the pleader in order that the court may see whether the defendant was justified in the use of the words complained of, and in order that the plaintiff may know precisely what he has to meet and be prepared for it. 13 *Encycl. Pl. & Pr.* 82.

Nor is the plea sufficient as a justification of that part of the libelous article which charges that the plaintiff is a wily and spurious banker, &c. That part of the plea which avers that the plaintiff was indicted for and convicted of illegal and false banking in the country of Hungary, &c., is clearly insufficient for that purpose. It fails to set forth specifically the time and place, or the facts and circumstances of the alleged conviction, and also fails to reveal whether the defendant means to say that his justification is because of *the conviction* of illegal and false banking in the country of Hungary, or whether it is because the plaintiff *did actually* there conduct an illegal and false banking business.

The plea is therefore bad for uncertainty. That was formerly a ground for special demurrer. Since such a pleading is now abolished by our statute, the motion is properly made

to strike out the plea. *Central Railroad Co.* v. *Van Horn,* 9 *Vroom* 133.

The plea will be stricken out with leave to amend or plead anew on payment of costs.