FRANCIS M. FODOR, DEFENDANT IN ERROR, v. ARMIN FUCHS, PLAINTIFF IN ERROR.

Argued March 11, 1910—Decided June 20, 1910.

1. Questions put to a witness upon cross-examination, and designed to affect his credit as permitted by section 1 of the Evidence act (*Pamph. L.* 1900, *p.* 362), which do not ask concerning a conviction of *any crime*, are properly excluded.
2. While, in actions for libel, evidence of the plaintiff's general bad character at the time of the alleged libel is admissible for the purpose of mitigating plaintiff's damages, testimony of particu-

lar facts affecting plaintiff's character cannot be received for such purpose.

3. In an action for libel, a claim for punitive damages may be defended against by proof of lack of ill-will or malice, and the damages sought may be mitigated if the publication was made in good faith, with honest belief in its truth.

4. In an action for libel, where the truth is pleaded in justification, failure to sustain the plea by proof may be considered by the jury as an aggravating circumstance in estimating damages. But the jury should be guided by the motive with which the plea is made; hence, if it is interposed in good faith, under an honest belief in the truth of the matter published and with reasonable grounds for such belief, it cannot be regarded as an aggravation beyond the real injury sustained by the plaintiff.

5. Where, in an action for libel, the defendant pleads the truth of his charge in justification and fails to prove it, and, because of such failure, the plaintiff claims and is allowed to recover punitive damages, the exclusion of evidence tending to show that the plea was interposed in good faith, under an honest belief in the truth of the matter published, and with reasonable grounds for such belief, is error requiring reversal.

On error to the Supreme Court.

For the plaintiff in error, *George S. Silzer*.

For the defendant in error, *Woodbridge & March*.

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment entered in the Supreme Court upon the verdict of a jury at the Middlesex circuit in favor of the plaintiff in an action for libel.

The plaintiff, a native of Hungary, conducted a steamship agency in New Brunswick, and incidentally received and sent money belonging to foreigners to foreign countries. The defendant is of the same nationality and was engaged in a like business nearby in the same city.

The alleged libel consisted in defendant's publishing of the plaintiff that he was a "spurious banker;" that he was an "escaped emigrant agent," and that he "speculated on the stock market with the hard-earned money of the Hungarian people entrusted to him," &c.

The defendant filed a plea of general issue, and also a special plea of justification on the ground of the truth of the charge.

During the progress of the trial numerous exceptions were taken by the defendant to the exclusion of testimony, and are here assigned as reasons for reversal.

The first class requiring examination complain of the exclusion by the learned trial judge of questions asked on the cross-examination of the plaintiff for the avowed purpose of affecting his credibility as a witness.

The questions were designed to show conviction of crime, and it is conceded that if they do not fall within the line of examination allowed by section 1 of our Evidence act (*Pamph. L.* 1900, *p.* 362) they were properly excluded. That section provides that it may be shown on the cross-examination of the witness that he has been "convicted of crime" for the purpose of affecting his credit.

Now our examination of the record discloses that the only question put which asked concerning a *conviction* of any offence was not pressed by counsel. None of the questions which were pressed and excluded asked concerning *any crime.* The action of the trial judge in overruling them was therefore not erroneous. *State* v. *Henson,* 37 *Vroom* 601.

The next class of assignments of error question the propriety of the action of the trial judge in overruling a series of questions tending to show acts of the plaintiff from which bad character might have been inferred.

We are of the opinion that the testimony was properly excluded. While in actions for libel, evidence of the plaintiff's general bad character at the time of the alleged libel is admissible for the purpose of mitigating plaintiff's damages, testimony of particular facts affecting plaintiff's character cannot be received for such purpose. *Pier* v. *Speer,* 44 *Vroom* 633; *Sayre* v. *Sayre,* 1 *Dutcher* 235.

Nor do we think that the trial judge erred in overruling that class of questions put to the defendant by his counsel as to what defendant heard at the office of Richards & Company in New York City.

While in an action for libel a claim for punitive damages may be defended against by proof of lack of ill-will or malice, and the damages sought may be mitigated if the publication was made in good faith, with honest belief in its truth (*Knowlden* v. *Guardian Printing and Publishing Co.,* 40 *Vroom* 670; *Hoboken Printing Co.* v. *Kahn,* 29 *Id.* 359), yet we do not perceive that any questions now referred to tended to show good faith in the original publication or an honest belief in its truth.

But there is a class of assignments of error presenting a more serious question. It is that class complaining of the exclusion of testimony tending to show lack of malice upon the part of the defendant in interposing his plea of justification.

The defendant had failed to prove the truth of his charge in justification. In that situation the rule was that such failure might be considered by the jury as an aggravating circumstance in estimating damages. 25 *Cyc.* 416, and cases there cited. The trial judge so instructed the jury. But nevertheless the jury should be guided by the motive with which the plea was made; hence if it was interposed in good faith, under an honest belief in the truth of the matter published and with reasonable grounds for such belief, it could not be regarded as an aggravation beyond the real injury sustained by the plaintiff. 25 *Cyc.* 416, and cases there cited. In speaking of punitive damages, Mr. Justice Garrison, in *Haines* v. *Schultz,* 21 *Vroom* 481, said: "The right to award them rests primarily upon the single ground—wrongful motive.  *   *   * It is the wrongful personal intention to injure that calls forth the penalty." That declaration was approved by the United States Supreme Court in *Lake Shore, &c., Railroad Co.* v. *Prentice,* 147 *U. S.* 101.

In order to show good faith and want of wrongful motive in interposing his plea the defendant sought to introduce in evidence the results of efforts he had made to obtain the records alleged to exist of convictions of the plaintiff in the courts of Hungary of the offences charged. He offered in evidence and the trial judge excluded letters received by him before

filing his plèa, from the consul-general at Budapest, Hungary. These letters were in response to letters from the defendant requesting copies of such records of conviction. They might well have been regarded as reasonable grounds for an honest belief in the truth of the matter published, because they certainly tended to show that such records in fact existed. The letters also tended to furnish reasonable explanation of the defendant's failure to make competent proof of such records at the trial.

When, therefore, we consider the fact that in this case no special damages were shown, and that punitive damages were awarded, it follows that the exclusion of the evidence mentioned, tending to mitigate punitive damages, was erroneous and requires a reversal of the judgment under review.

The judgment below will be reversed, and a *venire de novo* awarded.

*For affirmance*—SWAYZE, VROOM, GRAY, JJ.　3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, DILL, CONGDON, JJ.　12.