CHARLES RUSKIN, PLAINTIFF AND PLAINTIFF IN ERROR, v. SAMUEL ARMN, DEFENDANT AND DEFENDANT IN ERROR.

Submitted July 6, 1911—Decided November 6, 1911.

In an action of libel, when the defendant files a plea of justification and afterwards withdraws such plea, by leave of the court, plaintiff is nevertheless entitled to put such plea in evidence as bearing on the question of malice.

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *William Greenfield.*

For the defendant in error, *Frank E. Bradner.*

The opinion of the court was delivered by

PARKER, J. This is an action of libel. The plaintiff had a verdict for six cents and sues out this writ of error. There are twenty-seven specific assignments of error, but with one exception we find no harmful error in the case. This error, however, will require a reversal of the judgment and a *venire de novo.*

The suit was based on a petition signed by some forty persons, which was addressed to the Newark·excise board and protested against the granting of a liquor license to plaintiff on two grounds—*first,* that there·were already enough saloons in the particular locality, and *secondly,* that plaintiff was not of good reputation and had conducted a saloon previously in an illegal manner. This second ground was, of course, the part charged as libelous. The defendant did not sign the petition but he circulated it and obtained signatures, and was instrumental in presenting it to the excise board.

Some twenty signers were joined with him as defendants, but as to them there was a discontinuance at the trial.

Defendant pleaded, first, the general issue; secondly, that the statements, &c., in the petition presented to the board, &c., * * * "are true;" thirdly, that the communication was privileged. At the opening of the trial, defendant's counsel asked leave to strike out the "plea of justification," evidently meaning the second plea. This was opposed on the ground that plaintiff had prepared to rebut it, and had been holding a number of witnesses for that purpose. The court allowed the withdrawal of the plea on payment of costs, and added that the "question * * * whether plaintiff is entitled to claim any damages against these defendants for putting on the record a plea of that character and then not following it up, I need not decide now." Toward the end of plaintiff's case in chief, however, the question came up in this way: plaintiff's counsel offered in evidence the second plea and asked leave to read it to the jury. This was objected to and argument had; and the court overruled the offer and refused to let the plea be read. This was excepted to and error duly assigned; and this was the judicial action which, in our view, was erroneous and prejudicial to the plaintiff, and requires a reversal of the judgment.

No exception was taken to the action of the trial judge in permitting the withdrawal of the plea; and, indeed, it was unexceptionable. *Van Pelt* ads. *Whitlock,* 2 *South.* 810. But the judge took the ground in excluding the plea when offered in evidence that its withdrawal as a part of the record removed it from the case for all purposes; and this in spite of the facts that it had been placed on the record by defendant and allowed there to remain as a substantial reiteration of the alleged libel until after the jury was sworn and until after plaintiff's counsel had in the course of preparation for the trial subpœnaed a large number of witnesses and presumably communicated to them the contents of the plea that they were to be called to contradict by their testimony.

The rule, as we understand it, is that a plea of justification, unsupported by proof, may be considered by the jury as an

aggravating circumstance in assessing the damages. 25 *Cyc.* 416; 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 1104; *Towns. S. & L.,* § 400; *Odg. Dig. Lib. & S.* 311; 1 *Chit. Pl.* (*12th Am. ed.*) 509; *Fodor* v. *Fuchs,* 50 *Vroom* 529, 532.

In *Moore* v. *Beck,* 42 *Vroom* 8, this court held that when evidence was produced in support of a plea of justification, the fact that it "failed to convince the jury of the truth of the alleged slanderous words afforded no ground for holding as matter of law that the plea was filed in bad faith, or that the words were spoken with a malicious motive, and therefore justified the jury in awarding exemplary damages." But this does not reach the question under consideration, which is whether the jury were entitled to consider the reiteration of the accusation in judging of the question of malice.

There are authorities which hold that if a plea of justification be withdrawn, it is out of the case for all purposes and the jury are not entitled to consider it in aggravation of damages. *Gilmore* v. *Borders,* 2 *How.* (*Miss.*) 824; *Shirley* v. *Keathy,* 4 *Cold.* (*Tenn.*) 29. We find difficulty in adopting the reasoning of decisions which hold that a defendant may go on record as reiterating a libel, and escape all responsibility by withdrawing it at the last moment. In *Warwick* v. *Foulkes,* 12 *M. & W.* 507, an action for false imprisonment, there was a plea of justification that plaintiff had committed a felony, but the plea was abandoned at the trial. The jury were instructed that the putting of such a plea on record was a persisting in the charge and was to be considered by them in assessing damages; and this instruction was upheld.

To the same effect is *Smith* v. *Compton,* 38 *Vroom* 548, decided by the Court of Errors and Appeals. In that case, which was a suit for breach of promise, the defendant, in response to a demand for a specification of defences under section 116 (now 104) of the Practice act, served notice that he proposed to show, among other things, that he had lawfully rescinded the contract because of discovering that plaintiff was not of good moral character. This notice was not filed before the opening of the trial, and at about that time defendant's counsel informed the plaintiff's counsel that the par-

ticular specification would not be relied on. Plaintiff's counsel was nevertheless permitted to offer it in evidence in aggravation of damages; and this was sustained by the court of review on the theory that the specification had a tendency to humiliate plaintiff in the estimation of her counsel and made it necessary to inform her witnesses that her character would be attacked—a precise parallel to the present case, and stronger, in that the paper in question was not a court record open to the world, but a mere notice as between the parties, so far as related to any act of defendant or his counsel.

We think it is clear that the placing on record of the second plea reiterating the truth of the charges contained in the petition, was a fact that the plaintiff was entitled to place before the jury as evidence of malice. The fact that it was withdrawn by leave of court does not help the defendant. All that that withdrawal accomplished was to modify the record on which the case was to be tried, by depriving the defendant of any right previously existing by virtue of this plea, of putting in evidence the truth of the statements of the petition. The effect would have been practically the same had defendant simply announced that he would offer no evidence in support of the second plea, and plaintiff dismissed his witnesses. In either case the fact would remain for the consideration of the jury, that defendant had formally, in writing, and of record, reiterated a statement which by his withdrawal of it at the trial he conceded to be false.

It is urged for defendant that the plea was invalid in form as a plea of justification, in that it simply alleges generally the truth of the charges without stating specific facts; and no doubt this is true. 1 *Chit. Pl.* 494; *Fodor* v. *Fuchs*, 48 *Vroom* 92. But we fail to see that the question of the legal sufficiency or otherwise of the plea as a pleading has any relation to the libelous character of the statement it contained.

We conclude, then, that the trial court should have permitted the plea that was withdrawn to be put in evidence and read to the jury, and that injurious error resulted from its exclusion.

This disposes of the only assignment of error requiring a reversal. We find no other injurious error either in the charge or in the course of the trial that is properly brought up for review.

The judgment will be reversed to the end that a *venire de novo* issue.